IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES GILES,                                    :
                                                :
        Plaintiff,                              :
                                                :       CIVIL ACTION FILE
v.                                              :
                                                :       No. _____
ISI ALARMS NC INC.,                             :
a North Carolina corporation, and              :
                                                :
MONITRONICS INTERNATIONAL,                      :
INC., a Texas corporation,                      :
                                                :
        Defendants.                             :
_____:

**COMPLAINT**

**INTRODUCTION**

1.      This is an action for damages against the defendants for violations of the

        Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, the

        regulations proscribed thereunder, 47 C.F.R. § 64.1200, and supplemental

        claims pursuant to the Georgia Public Utilities Code, O.C.G.A. § 46-5-27

        and the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 through

        407.

## SUBJECT MATTER JURISDICTION

2.    Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. §

1331 (federal question jurisdiction).

3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over

Plaintiff's state law claims as they are so related to Plaintiff's TCPA claims

that they form part of the same case or controversy.

## PARTIES AND PERSONAL JURISDICTION

4.    Plaintiff is a resident of this State, District and Division and is authorized by

law to bring this action.

5.    Defendant ISI ALARMS NC INC. is a corporation organized under the laws

of the State of North Carolina. [Hereinafter said defendant is referred to as

"ISI"].

6.    Defendant MONITRONICS INTERNATIONAL, INC. is a corporation

organized under the law of the State of Texas.  [Hereinafter said defendant

is referred to as "MONITRONICS"].

7.    MONITRONICS provides residential security monitoring services to

consumers throughout the United States, including consumers in the State of

Georgia.

8.    ISI is an authorized dealer for MONITRONICS that installs and services residential alarm systems for MONITRONICS.

9.    Defendants transact business in this State, District and Division.

10.   In the course of their business, Defendants directed telephone solicitation calls to Plaintiff's residential telephone number in this State, District and Division.  Such telephone calls form the basis of Plaintiff's choses in action.

11.   Defendants are subject to the jurisdiction and venue of this Court.

12.   ISI may be served by personal service upon its registered agent in the State of Georgia, to wit: Incorporating Services, Ltd., 900 Old Roswell Lakes Pkwy., NW, Ste. 310, Roswell, Georgia 30076.

13.   MONITRONICS may be served by personal service upon any authorized agent or officer at its principal place of business, to wit: 2350 Valley View Lane, Ste. 100, Dallas, TX 75065.

14.   Alternatively, Defendants may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia, Texas or North Carolina.

15.   Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

16. Beginning in or around November of 2012, Defendant ISI, or a telemarketing firm acting with the actual or apparent authority of ISI, began making telephone calls to Plaintiff's residential telephone number ending in -5375.

17. The telephone calls were placed using a telephone system that has the capacity to dial telephone numbers without human intervention in order to play prerecorded messages.

18. When Plaintiff would answer the telephone calls, the system making the calls would play a prerecorded voice offering a free security system installation.

19. The prerecorded voice would instruct to Plaintiff to press "1" for more information.

20. The prerecorded voice calls never identified the person or entity initiating the call.

21. Upon pressing "1," Plaintiff was connected to a person whose primary job was to screen calls to gauge interest in a security system prior to transferring the consumer to a sales representative for ISI.  [Hereinafter, said person(s) shall be referred to as "LEAD GENERATOR"].

22.   Generally, when Plaintiff requested the LEAD GENERATOR to provide the identity or address of the company he was calling for, the LEAD GENERATOR would hang up without providing the actual identity of the caller.

23.   On one such occasion, the LEAD GENERATOR repeated the Plaintiff's questions in a manner designed to mock the Plaintiff and then stated "Why don't you just say 'put me on the do not call list' than try to do this witch hunt like I'm going to be dumb enough to give you all that information."

24.   Plaintiff registered his telephone number for the National Do-Not-Call Registry on January 4, 2011.

25.   By registering his telephone number for the National Do Not Call Registry, Plaintiff also registered his number for the Georgia Do Not Call Registry.

26.   On several occasions, Plaintiff answered telephone calls in which he never proceeded past the LEAD GENERATOR and could not determine the identity of the caller initiating the telephone calls.

27.   Finally, on December 19, 2012, Plaintiff answered a telephone call and was able to proceed past the LEAD GENERATOR and was transferred to the sales representative.

28.   The sales representative identified himself as "Jim" from "ISI Alarms" in North Carolina.

29.   In the telephone call, the sales representative informed the Plaintiff that ISI would install a security system for free so long as Plaintiff paid for monthly monitoring services from MONITRONICS.

30.   MONITRONICS markets its alarm monitoring services through its authorized dealers which it has contracted with to sell, install and service alarm systems for MONITRONICS to provide monitoring services.

31.   ISI is an authorized dealer for MONITRONICS that installs and services security systems for MONITRONICS to provide monitoring services.

32.   At all times, ISI was acting with the actual or apparent authority of MONITRONICS in order to sell alarm monitoring services provided by MONITRONICS.

33.   The purpose of the telephone calls was to solicit Plaintiff to purchase monthly alarm monitoring services from MONITRONICS.

34.   The calls were made by or on behalf of ISI and MONITRONICS.

35.   MONITRONICS allows ISI access to information and systems that normally would be within MONITRONICS's exclusive control, including: access to detailed information regarding the nature and pricing of the

MONITRONICS's products and services and to MONITRONICS's customer information.

36. ISI has the ability to enter consumer information into MONITRONICS' sales or customer systems, as well as the authority to use the MONITRONICS' trade name, trademark and service mark.

37. ISI is authorized to market services on MONITRONICS' behalf.

38. MONITRONICS knew or reasonably should have known that the ISI was violating telemarketing laws on MONITRONICS' behalf.

39. MONITRONICS failed to take effective steps within its power to force the ISI to cease its conduct.

40. A Federal class action lawsuit is pending against MONITRONICS pursuant to the Telephone Consumer Protection Act that was brought and served prior to any of the calls initiated to Plaintiff.  One such case was originally removed to Federal Court in 2011.

41. Despite MONITRONICS knowledge of the TCPA and its knowledge that its dealers were alleged to have violated the TCPA on its behalf, MONITRONICS has not taken action to effectively prevent its dealers from making the telephone calls such as those made to the Plaintiff.

42.   MONITRONICS was informed prior to the initiation of the calls in this case that ISI was alleged to have violated telemarketing laws in its attempts to market MONITRONICS services, and MONITRONICS did not take action to effectively cease the unlawful conduct, continued to allow ISI to market its services, and knowingly continued to derive customers from ISI telemarketing campaigns.

43.   MONITRONICS has authorized ISI to market its alarm monitoring services and has the ability, through its authorization, to oversee the conduct of ISI, even if that power to supervise is unexercised.

44.   The calls were made with the actual or apparent authority of ISI and MONITRONICS.

45.   Plaintiff does not have a current or prior business relationship with ISI or MONITRONICS.

46.   Plaintiff never consented to the telephone calls.

47.   The telephone calls were made for the purpose of encouraging the purchase of alarm monitoring services from MONITRONICS.

48.   Defendants do not maintain a place of business in this State.

49.   Defendants do not keep assets in this State.

50.   Plaintiff has complied with all conditions precedent to bring this action.

# CAUSE OF ACTION

## COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT ROBOCALL VIOLATIONS

51.　The acts of Defendants constitute violations of subsection (b) of the Telephone Consumer Protection Act.

52.　Defendants' violations of the robocall provisions of the TCPA include, but are not limited to, the following:

53.　　　Initiating telephone solicitation calls using an artificial or prerecorded voice to a residential telephone number without the prior express consent of the called party, in violation of 47 U.S.C. § 227(b)(1)(B) and 47 CFR § 64.1200(a)(2) (2012).

54.　As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(b)(3)(B).

55.　As a result of Defendants' actions, Plaintiff is entitled to injunctive relief to prevent future violations pursuant to 47 U.S.C. § 227(b)(3)(A).

56.　Defendants' conduct in violation of the TCPA was willful and knowing, and Plaintiff requests an award of statutory damages of $1,500.00 for each such violation pursuant to 47 U.S.C. § 227(b)(3).

57.   Defendants have acted in bad faith, been stubbornly litigious and/or caused

the Plaintiff unnecessary trouble and expense, and Plaintiff requests an

award of the expenses of litigation, including a reasonable attorney's fee,

pursuant to O.C.G.A. § 13-6-11.


## COUNT TWO: TELEPHONE CONSUMER PROTECTION ACT
## DO NOT CALL VIOLATIONS

58.   The acts of Defendants constitute violations of subsection © of the

Telephone Consumer Protection Act.

59.   47 U.S.C. § 227(c)(3) permits the Federal Communication Commission to

create a National Do Not Call Registry for consumers to enter their

telephone numbers to object to receiving solicitation calls.

60.   The Federal Communications Commission implemented the National Do

Not Call Registry and promulgated regulations to enforce 47 U.S.C. §

229(c).

61.   Defendants' violations of the do-not-call provisions of the TCPA include,

but are not limited to, the following:

62.        Initiating a telephone solicitation call to a residential subscriber

who has registered his or her telephone number on the national

do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government, in violation of 47 CFR § 64.1200(c)(2) (2012).

63.     As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages of up to $500.00 for each such violation pursuant to 47 U.S.C. § 227(c)(5)(B).

64.     As a result of Defendants' actions, Plaintiff is entitled to injunctive relief to prevent future violations pursuant to 47 U.S.C. § 227(c)(5)(A).

65.     Defendants' conduct in violation of the TCPA was willful and knowing, and Plaintiff requests an award of statutory damages of up to $1,500.00 for each such violation pursuant to 47 U.S.C. § 227(c)(5).

66.     Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## COUNT THREE: GEORGIA PUBLIC UTILITIES CODE

67. The acts of Defendants constitute violations of Georgia's Public Utilities Code. Defendants' violations of the Public Utilities Code include, but are not limited to, the following:

68. Making a telephone solicitation to the telephone line of any residential subscriber in this state without, at the beginning of such call, stating clearly the identity of the person or entity initiating the call, in violation of O.C.G.A. § 46-5-27(g)(1); and

69. Making or causing to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the commission of such subscriber's objection to receiving telephone solicitations, in violation of O.C.G.A. § 46-5-29(c).

70. The actions of Defendants in violation of this part were knowing.

71. As a result of Defendants' actions, Plaintiff is entitled injunctive relief and an award of statutory damages of $2,000.00 for each such violation pursuant to O.C.G.A. § 46-5-27(I).

72. Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an

award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## COUNT FOUR: GEORGIA FAIR BUSINESS PRACTICES ACT

73.   The acts of Defendants constitute violations of Georgia's Fair Business Practices Act.  Defendants' violations of the Fair Business Practices Act include, but are not limited to, the following:

74.          In connection with a telephone solicitation, the failure to state clearly the identity of the person or entity initiating the call at the beginning of such call, in violation of O.C.G.A. § 10-1-393.13(b)(1).

75.   As a result of Defendants' actions, Plaintiff is entitled to an award of damages of $10.00 for each such violation pursuant to O.C.G.A. § 10-1-393.13(c).

76.   Plaintiff requests equitable injunctive relief to prevent further violations of the Fair Business Practices Act, pursuant to O.C.G.A. § 10-1-399(a).

77.   Defendants' violations of the Fair Business Practices Act were intentional.

78.   Plaintiff requests an award of exemplary damages, pursuant to O.C.G.A. § 10-1-399(a), for the Defendants' intentional violations of the Fair Business

Practices Act in order to adequately deter these Defendants from continuing to ignore the law and harass Georgia consumers.

79.    Plaintiff requests an award of treble damages, pursuant to O.C.G.A. § 10-1-399(c), for the Defendants' intentional violations of the Fair Business Practices Act.

80.    Plaintiff is entitled to an award of reasonable attorneys' fees and expenses of litigation in connection with this action, pursuant to O.C.G.A. § 10-1-399(d).

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a)    That Plaintiff be awarded damages in the liquidated amounts provided by statute;

b)    That Plaintiff be awarded treble damages;

c)    That Plaintiff be awarded exemplary damages;

d)    That Defendants be enjoined from further calling the Plaintiff in violation of the Telephone Consumer Protection Act and Georgia law;

e)      That Plaintiff be awarded the expenses of litigation including a

reasonable attorney fee; and

f)      That the Court grant such further and additional relief as is just in the

circumstances.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by:     /s/ Justin T. Holcombe_____
        Justin T. Holcombe
        Georgia Bar No. 552100
        jholcombe@skaarandfeagle.com
        Kris Skaar
        Georgia Bar No. 649610
        krisskaar@aol.com
        P.O. Box 1478
        331 Washington Ave.
        Marietta, GA 30061-1478
        770 / 427-5600
        404 / 601-1855 fax


        James M. Feagle
        Georgia Bar No. 256916
        jfeagle@skaarandfeagle.com
        108 East Ponce de Leon Avenue
        Suite 204
        Decatur, GA 30030
        404 / 373-1970
        404 / 601-1855 fax